IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MBDB PRODUCTS LLC,

               Plaintiff,

     v.

SCHEDULE A DEFENDANTS,

               Defendants.

Case No. 26-cv-236

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, MBDB Products LLC ("MBDB Products"), a limited liability company formed and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business in Sewickley, Pennsylvania, hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations set forth in **Schedule "A"** hereto (collectively "Defendants"). Defendants have offered for sale, sold, and distributed knock-off versions of Plaintiff's MixAid™ silicone bowl liners for KitchenAid mixers which closely mimic the appearance of Plaintiff's genuine product on Amazon.com and Walmart.com.  As set forth below, the products Defendants are promoting, selling, offering for sale and distributing infringe at least one of the claims of United States Patent No. 12,036,524 for "Mixing Bowl and Liner System" ("the '524 Patent").  In support of its claims, Plaintiff alleges as follows:

## NATURE OF ACTION

1.     Defendants' products infringe at least one claim of the '524 Patent.  This lawsuit asserts contributory and induced infringement of the '524 Patent by Defendants.  Plaintiff seeks

preliminary and permanent injunctive relief as well as damages for the irreparable harm

Defendants unlawful and infringing conduct has caused Plaintiff.

### JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over the claims in this action

pursuant to the provisions of the Federal Patent Act, 35 U.S.C. § 101, et seq., 28 U.S.C. §

1338(a)–(b), and 28 U.S.C. § 1331.

3.      Personal jurisdiction over each Defendant satisfies constitutional due process

because each Defendant has purposefully directed and expressly aimed its tortious activities at

the Commonwealth of Pennsylvania and established sufficient minimum contacts with

Pennsylvania by, among other things, being willing to accept an order for a product that infringes

at least one claim of the '524 Patent from a representative of Plaintiff with a Pennsylvania

address, being willing to ship the product to that representative in Pennsylvania, and being

willing to collecting Pennsylvania sales tax. In addition, upon information and belief, each

Defendant has sold products that infringe the '524 Patent to consumers within Pennsylvania not

affiliated in any way with Plaintiff through the regular course of business, with the knowledge

that Plaintiff is harmed in Pennsylvania as a result of its sales of infringing products to

Pennsylvania residents.  Plaintiff's claims arise out of and relate to Defendants' sales of

infringing products to Pennsylvania residents through the regular course of business.

4.      Personal jurisdiction over each Defendant also satisfies constitutional due process

because the causes of action asserted herein, including patent infringement are intentional torts,

were aimed at Pennsylvania, and caused harm that each Defendant should have anticipated

would be suffered by Plaintiff in Pennsylvania.

5.      Upon information and belief, Defendants have cooperated, communicated, shared information, and coordinated their efforts in order to create an infringing marketplace operating in parallel to the legitimate marketplace of Plaintiff and third parties authorized to sell products that infringe the '524 Parent, including: employing and benefitting from substantially similar paid advertising, marketing, and advertising strategies (e.g., search engine optimization or "SEO"), in order to make their online storefronts appear more relevant and target a consumer searching for Plaintiff's Products. By their actions, in addition to the damages associated with unauthorized use of the '524 Patent, Defendants are causing concurrent and irreparable harm to Plaintiff and the consuming public by: (1) reducing the online visibility of Plaintiff's Products; (2) diluting and eroding the retail market price for Plaintiff's Products; (3) causing overall degradation of the value of goodwill associated with Plaintiff's Products; (4) devaluing the exclusivity that enhances the worth of Plaintiff's Products and Plaintiff's reputation; and (5) increasing Plaintiff's overall cost to market its goods and educate consumers about Plaintiff's Products.

6.      Upon information and belief, Defendants are aware of Plaintiff and Plaintiff's Products and are aware that their infringement and unfair competition is likely to cause harm to Plaintiff in Pennsylvania.

7.      Plaintiff is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' infringement of the '524 Patent.

8.      Personal jurisdiction over each Defendant satisfies the Pennsylvania long-arm statute, and therefore Rule 4(k)(1)(A) of the Federal Rules of Civil procedure.  42 Pa. Cons. Stat. § 5322 (a) provides in pertinent part: "A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... as to a cause of action or other matter arising from such person: (1)

Transacting any business in this Commonwealth. Without excluding other acts which may constitute transacting business for the purpose of this paragraph: (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit ... (3) Causing harm or tortious injury by an act or omission in this Commonwealth. (4) Causing harm or tortious injury by an act or omission outside this Commonwealth ... (10) Committing any violation within the jurisdiction of the Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit." Defendants are subject to jurisdiction under the Pennsylvania long-arm statute because, upon information and belief, Defendants have committed the intentional tort of patent infringement in Pennsylvania by offering for sale their products in Pennsylvania, accepting orders from Pennsylvania residents, shipping infringing products into Pennsylvania, and collecting Pennsylvania sales tax on such orders.

9.      By virtue of the civil conspiracy claim in Count II of this Complaint, the Pennsylvania contacts of each Defendant are imputed to every other Defendant because, upon information and belief, each Defendant was aware of, or should have been aware of, the actions of the other co-conspirators.

10.     By virtue of the civil conspiracy claim in Count II of this Complaint and the allegations of coordinated actions by Defendants, Plaintiff's claims against Defendants arise out of the same series of transactions and occurrences.

11.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391: Defendants do not reside in the United States and are subject to venue in any district. Further, Defendants solicit business from this Judicial District and, upon information and belief, conduct and transact significant business in this Judicial District.

## THE PARTIES

### Plaintiff

12.     Plaintiff, MBDB Products LLC ("MBDB Products"), is a limited liability company formed and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business in Sewickley, Pennsylvania.   MBDB Products manufactures and markets various housewares and household products. MBDB is the exclusive licensee of rights to produce, market, and sell MixAid™ Silicone Bowl Liners for KitchenAid Stand Mixers ("Plaintiff's Products").

13.     Plaintiff is engaged in the business of manufacturing, selling, and distributing, throughout the world, including within this district, the MixAid™ bowl liners through its online storefront on Amazon.com. Plaintiff's Products are sold through e-commerce sites on the Internet, including Amazon.com.

14.     MBDB Products is the only authorized source of the Plaintiff's Products.

15.     Plaintiff is the exclusive licensee of the intellectual property protecting Plaintiff's Products.

16.     No one other than Plaintiff and Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative products, offer for sale, or sell products utilizing the teachings of the '524 patent and the MixAid™ bowl liners without the express written permission of Plaintiff.

17.     Plaintiff has made efforts to protect Plaintiff's interests in and to the MixAid™ bowl liners.

18.     Plaintiff has expended substantial time, money, and other resources in developing, advertising, building up and developing consumer awareness, goodwill, and recognition of, and

otherwise promoting the MixAid™ bowl liners. As a result of Plaintiff's efforts and the quality

of the product, consumers, the public, and the trade have become familiar with the MixAid™

bowl liners and associate it exclusively with Plaintiff.

19.    The success of the MixAid™ bowl liner system is due, in large part, to Plaintiff's

marketing, promotional, and distribution efforts.

20.    The invention embodied in the MixAid™ Silicone Bowl Liners is a liner system

for the bowl of a standing mixer. Silicon molded bowls can be placed within the mixer's bowl,

and then be removed to keep the contents within the MixAid™ liner for easy clean up and easy

storage of any excess byproduct. Below are two of MBDB's images of Plaintiff's MixAid™

bowl liners:

 

**Defendants**

21.    Defendants are individuals and business entities who, upon information and

belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants

conduct business throughout the United States, including within Pennsylvania and in this judicial

district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Merchant Storefronts. Each Defendant targets the United States, including Pennsylvania, and has offered to sell and, on information and belief, has sold and continues to sell knock-offs of Plaintiff's Products to consumers within the United States, including Pennsylvania and in this judicial district.

22.     Plaintiff's investigation shows that the telltale signs of an illegal piracy ring are present in the instant action. The Defendant Merchant Storefronts share unique identifiers, such as design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal piracy operation. Plaintiff is forced to file this action to combat Defendants' infringement of the '524 Patent and the use of Plaintiff's images, as well as to protect unknowing consumers from purchasing unauthorized reproductions of the Plaintiff's Products over the internet.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff and Its MixAid™

23.     Plaintiff, MBDB Products, is the exclusive licensee of U.S. Patent No. 12,036,524 B2 for MIXING BOWL AND LINER SYSTEM (issued Jul. 16, 2024) and the patent is attached hereto as **Exhibit 1.** Upon information and belief, the patent was issued prior to the Defendants' acts of infringement.

24.    Plaintiff markets its product as the MixAid™ Silicone Bowl Liner, which consists of a closely fitting mixing bowl liner complete with spout to enable easy pouring, and a lid creating a system that permits consumers to use an electric mixer to combine ingredients in the liner and bowl and store the mixture with the lid without soiling the rigid mixing bowl.

25.    Plaintiff has had created images which it used in connection with the advertisement of its MixAid™ Silicone Bowl Liner.

26.    This action has been filed by Plaintiff to combat online sellers who trade upon Plaintiff's reputation, goodwill, and valuable intellectual property by selling and/or offering for sale knock-offs of Plaintiff's Products.

27.    Plaintiff is forced to file this action to combat Defendants' piracy of the MixAid™ bowl liner. Plaintiff has been and continues to be irreparably damaged through loss of control over the use of its intellectual property, reputation, goodwill, the quality, and ability to license their product as a result of Defendants' actions and seeks injunctive and monetary relief.

28.    The rise of online retailing, coupled with the ability of e-commerce sites to hide their identities, has made it nearly impossible for policing actions to be undertaken by Plaintiff because taking advantage of takedown procedures to remove infringing products would be an ineffective and endless game of whack-a-mole against the mass piracy that is occurring over the internet. Sadly, a swarm of infringers have decided to trade upon Plaintiff's reputation, goodwill, and valuable patents by selling and/or offering for sale products that either do infringe upon or are falsely advertised as infringing upon Plaintiff's exclusive right to the '524 patent. The aggregated effect of the mass piracy that is taking place has overwhelmed Plaintiff and Plaintiff's ability to police Plaintiff's rights against the hundreds of anonymous defendants who are selling illegal Infringing Products at prices below an original.

29.    Plaintiff has been and continues to be irreparably harmed through loss of control over Plaintiff's reputation, goodwill, ability to license and the quality of Plaintiff's goods.

30.    Further, the consuming public is harmed by Defendants' deceptive advertising. Defendants deceive potential purchasers into believing that they are purchasing Plaintiff's product, a product of equal quality when they are not.

### The Defendants' Unlawful Conduct

31.    The success of the MixAid™ bowl liners has resulted in a significant quantity of counterfeits of Plaintiff's Product. Plaintiff has identified numerous fully interactive websites and marketplace listings on various platforms. Each Defendant targets consumers in the United States, including the Commonwealth of Pennsylvania, and has offered to sell, and on information and belief, has sold and continues to sell products that infringe at least one claim of the '524 Patent ("Infringing Products") that they are promoting, advertising, distributing, offering for sale and selling to consumers within the United States, including the Commonwealth of Pennsylvania.

32.    Upon information and belief, Defendants facilitate sales by designing the Defendant Merchant Storefronts so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine MixAid™ bowl liners.

33.    Defendants use the Plaintiff's MixAid™ bowl liners to manufacture, advertise, and sell unauthorized knock-offs of the MixAid™ bowl liners. These Infringing Products are virtually identical in appearance to Plaintiff's authentic products, making it so that prospective purchasers cannot distinguish between the products prior to the point of sale, but upon receipt, Defendants' Infringing Products are of inferior quality.

34.    The Defendant Merchant Storefronts intentionally conceal their identities and the full scope of their piracy operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' illegal operations. Through their operation of the Defendant Merchant Storefronts, Defendants are directly and personally contributing to, inducing, and engaging in the sale of Infringing and Falsely Advertised Products.

35.    Upon information and belief, at all times relevant hereto, the Defendants in this action have had full knowledge of Plaintiff's exclusive rights to the '524 patent, including Plaintiff's exclusive right to use and license such intellectual property and the goodwill associated therewith.

36.    Plaintiff's investigation shows that the telltale signs of an illegal piracy ring are present in the instant action. For example, Schedule A shows the use of store names by the Defendant Merchant Storefronts that employ no normal business nomenclature and, instead, have the appearance of being made up, or if a company name that appears to be legitimate is used, online research shows that there is no known address for the company. Thus, the Defendant Merchant Storefronts are using fake online storefronts designed to appear to be selling genuine MixAid™ bowl liners, while selling inferior imitations. The Defendant Merchant Storefronts also share unique identifiers, such as design elements and similarities of the infringing products offered for sale and the false claims made in the advertisement and promotion thereof, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their illegal piracy operation. Plaintiff is forced to file this action to combat Defendants' infringement of Plaintiff's MixAid™ bowl liners, as well as to

protect unknowing consumers from purchasing unauthorized and unsafe imitations of the MixAid™ liner system.

37.     Defendants often go to great lengths to conceal their identities by using multiple fictitious names and addresses to register and operate their massive network of Defendant Merchant Storefronts. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in "**Schedule A**" to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive pirating operation, and to avoid being shut down.

38.     The Infringing Products for sale in the Defendant Merchant Storefronts bear similarities and indicia of being related to one another, suggesting that the Infringing Products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated.

39.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit.

40.     Further, infringers such as Defendants typically operate multiple credit card merchant accounts and third-party accounts, such as PayPal, Inc. ("PayPal") accounts, behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. Upon information and belief, Defendants maintain offshore bank accounts and regularly move funds from their PayPal accounts to offshore bank accounts outside the

jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to foreign-based bank accounts, such as China-based bank accounts, outside the jurisdiction of this Court.

41.     Defendants, without any authorization or license, have knowingly and willfully pirated the MixAid™ bowl liners in connection with the advertisement, distribution, offering for sale, and sale of illegal products into the United States and Pennsylvania over the internet. Each Defendant Internet Store offers shipping to the United States, including Pennsylvania, and, on information and belief, each Defendant has offered to sell Infringing Products into the United States, including Pennsylvania.

42.     Each Defendant was, and is, currently offering for sale and selling the Infringing and Falsely Advertised Products to the consuming public via Defendants' online storefronts using their Seller IDs. Defendants provide shipping, have actually shipped, and/or stand ready, willing, and able to ship the Infringing Products to customers located within this Judicial District.

## COUNT I – PATENT INFRINGEMENT (35 U.S.C. § 271)

### Plaintiff vs. All Defendants

43.     Plaintiff repeats and adopts and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

44.     In violation of 35. U.S.C. § 271, the Defendants have induced other to infringe and/or contributed to the infringement of one or more claims of the '524 Patent, including but not limited to Claim 1, literally and/or under the doctrine of equivalents, by among other things, making, offering for sale, selling, and/or importing in the United States unlicensed products in a manner that infringes the '247 Patent.

45.    On information and belief, Defendants continue to induce others to infringe and/or contribute to the infringement of one or more claims of the '524 Patent, including but no limited to Claim 1, literally and/or under the doctrine of equivalents. An exemplary comparison of the Defendants' infringing product with claim 1 of the '524 Patent, when used as intended, is illustrated in the claim chart attached as **Exhibit 2**.

46.    On information and belief, Defendants have had knowledge of the '524 Patent and the infringing nature of the products Defendants offer for sale and sell.  Despite this knowledge of the '524 Patent, Defendants continue to sell, offer for sale, and/or import infringing products and to actively encourage and instruct customers to use their products in ways that directly infringe the '524 Patent.  Defendants also knew or were willfully blind that their actions would induce direct infringement by others or contribute to direct infringement by others and intended that its actions would induce or contribute to direct infringement by others.

47.    On information and belief, Defendants take active steps to induce others, including its customers, to directly infringe the '524 Patent.  Defendants take such active steps knowing that those steps will induce, encourage, and facilitate direct infringement by others. Such active steps include, but are not limited to, encouraging, advertising, promoting, and instructing others to use and/or how to use the Defendants' infringing product.

48.    One example of this is the promotional material found on the merchant storefront of one Defendant that informs customers to use the Defendant's infringing product with a metal bowl:



49.    On information and belief, Defendants also contribute to the infringement of the '524 Patent by others, including their customers. Acts by Defendants that contribute to the infringement of others include, but are not limited to, the sale, offer for sale, and/or import by Defendants of a components of an infringing device, such as the silicone liner.  The component is not suitable for substantial noninfringing use as it is specially designed and adapted to be used in a mixing bowl and liner system which infringe the '524 Patent.

50.    Defendants' inducement to infringe and/or contributory infringement has injured Plaintiff, and Plaintiff is therefore entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

51.    The foregoing acts of infringement constitute a collective enterprise of shared, overlapping facts and have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiff.

52.    Defendants' inducement to infringe and/or contributory infringement of Plaintiff's exclusive rights to the '524 Patent has damaged and will continue to damage Plaintiff.

53.     Plaintiff is entitled to recover damages adequate to compensate it for Defendants' inducement to infringe and/or contributory infringement. 35 U.S.C. § 284.

54.     Defendants' inducement to infringe and/or contributory infringement has been willful and deliberate because Defendants have notice of, or knew of, the '524 patent and the Plaintiff's exclusive rights thereto, and have nonetheless injured and will continue to injure Plaintiff, unless and until this Court enters an injunction pursuant to 35 U.S.C. § 283, which prohibits further infringement and specifically enjoins further manufacture, use, sale, importation and/or offer for sale of products or services that come within the scope of the Patent.

55.     Plaintiff has complied with the requirements of 35 U.S.C. § 287.

56.     Plaintiff has no adequate remedy at law.

57.     Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's exclusive rights to the '524 patent and ordering that each Defendant destroy all Infringing Products.

58.     Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, enhanced discretionary damages and reasonable attorneys' fees and costs for the harm that Plaintiff has sustained and will sustain as a result of Defendants' illegal and infringing actions as alleged herein. 35 U.S.C. § 283; 35 U.S.C. 284; 35 U.S.C. § 285; 28 U.S.C. § 289.

## COUNT II - CIVIL CONSPIRACY

### Plaintiff vs. All Defendants

59.     Plaintiff realleges and incorporates by reference paragraphs 1-66 of the Complaint as if set forth herein.

60.     Plaintiff is informed and believes and therefore alleges upon information and belief that Defendants knowingly and voluntarily entered into a scheme and agreement to engage in a combination of unlawful acts and misconduct including, without limitation, a concerted and collaborated effort to maintain the distribution, marketing, advertising, shipping, and sale of products that are advertised using Plaintiff's images and infringe the '524 Patent.

61.     The intent, purpose, and objective of the conspiracy and the underlying combination of unlawful acts and misconduct committed by the Defendants was to unfairly compete against Plaintiff and to profit from Plaintiff's intellectual property.

62.     Each Defendant understood and accepted the foregoing scheme and agreed to do its respective part to further accomplish the foregoing intent, purpose, and objective.  Thus, by entering into the conspiracy, each Defendant has deliberately, willfully, and maliciously permitted, encouraged, and induced all of the foregoing unlawful acts and misconduct.

63.     As a direct and proximate cause of the unlawful acts and misconduct undertaken by each Defendant in furtherance of the conspiracy, Plaintiff has sustained, and unless each Defendant is restrained and enjoined, will continue to sustain severe, immediate, and irreparable harm, damage, and injury for which Plaintiff has no adequate remedy at law.

64.     As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from their false advertisements, and exemplary or punitive damages for Defendants' intentional misconduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants on all Counts of this Complaint and an award of equitable relief and monetary relief against defendants as follows:

1) Entry of a temporarily, preliminary, and permanent injunction pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65 enjoining and restraining the Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them, from:

    a.  making, using, advertising, selling, offering to sell, or distributing any products that infringe upon Plaintiff's exclusive rights to the '524 patent and are not authorized MixAid™ bowl liners or lack authorization by Plaintiff to be sold in connection with the MixAid™ brand;

    b.  passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the '524 mixing bowl liner system patent;

    c.  shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the MixAid™ bowl liner intellectual property;

    d.  using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Merchant Storefronts, or any other online marketplace

account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's exclusive rights to '524 patent; and,

2)  For Judgment in favor of Plaintiff against Defendants that they have willfully infringed Plaintiff's rights in exclusive rights to a federally registered patent pursuant to 35 U.S.C. § 271.

3)  Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces including, but not limited to, Amazon.com, Walmart.com, and Temu.com, social media platforms, Facebook, YouTube, LinkedIn, Twitter, internet search engines such as Google, Bing, and Yahoo, web hosts for the Defendant Merchant Storefronts, shall:

    a.  identify any e-mail addresses known to be associated with Defendants' respective Seller IDs and disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff that infringe upon the MixAid™ bowl liners or upon Plaintiff's exclusive rights to the '524 patent, use Plaintiff's images of the MixAid™ bowl liners to advertise competing products, or that advertise such products, including any accounts associated with the Defendants listed on Schedule A;

    b.  disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which are derived from the MixAid™ bowl liners; and,

    c.  take all steps necessary to prevent links to the Defendant accounts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant accounts from any search index.

4) Entry of an Order that, upon Plaintiff's request, any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Services LLC d/b/a Amazon.com ("Amazon') and Amazon Payments, Inc. d/b/a Pay.amazon.com ("Amazon Pay"), and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other domain names, alias seller identification names, or e-commerce store names or store URLs used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

5) Entry of an order that, upon Plaintiff's request, any internet marketplace website operators and/or administrators who are provided with notice of the injunction including, but not limited to online marketplaces hosted by Amazon.com, immediately cease fulfillment of and sequester all goods of each Defendant or other Seller under a Seller ID that has falsely advertised the characteristics and/or qualities of their products and/or infringed on the Plaintiff's federally registered '524 patent.

6) Entry of a Judgment and Order in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 35 U.S.C. § 271 and 35 U.S.C § 284, at the election of Plaintiff, in an amount to be determined at trial.

8) Entry of an award of pre-judgment interest on the judgment amount.

9) Entry of an award of punitive damages.

10) Entry of an award of Plaintiff's reasonable attorneys' fees and costs upon determination that this is an exceptional case within the meaning of 35 U.S.C § 285.

11) Award any and all other relief that this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a trial by jury on all claims.

Respectfully submitted,

Dated: February 10, 2026

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 - Telephone
(412) 741-9292 - Facsimile

Attorneys for Plaintiff

## **<u>LIST OF EXHIBITS</u>**

Exhibit 1        U.S. Patent No. 12,036,524 for a "Mixing Bowl and Liner System"

Exhibit 3        Claim Chart for Claim 1 of U.S. Patent No. 12,036,524 for a "Mixing Bowl and Liner System"

## Schedule "A"
## Defendants with Store Name and Seller ID

**[This page is the subject of Plaintiff's Motion to File Under Seal. As such, this page has been redacted in accordance with L.R. 5.4(b)(1)]**